UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETER CHRISTIAN JENSEN, IV,<br><br>  Plaintiff,<br><br>v.<br><br>S. TULLENERS, BARRY MCHUGH,<br><br>  Defendants. | Case No. 2:25-cv-00029-AKB<br><br>**INITIAL REVIEW ORDER** |

Pending before the Court is Plaintiff Peter Christian Jensen, IV's Application to Proceed In Forma Pauperis (Dkt. 1), Complaint (Dkt. 2), and Verified Notice and Demand[1] (Dkt. 4). Having reviewed the record and Jensen's submissions, the Court finds that the facts and legal arguments are adequately presented, and that oral argument would not significantly aid its decision-making process, and it decides the motions on Jensen's briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the Court denies Jensen's in forma pauperis application, dismisses his complaint without prejudice, and denies his demand as moot.

---

[1] While not labeled as a motion, the Court construes Jensen's Notice and Demand as such because it demands the Court rescind the order of conditional filing (Dkt. 4 at 2).

**INITIAL REVIEW ORDER - 1**

I. **BACKGROUND**

On July 1, 2023, Jensen received citations from Officer Tulleners for driving without privileges, failure to maintain liability insurance, and driving without a license plate (Dkt. 2-1 at 4); *Idaho v. Jensen*, CR28-23-11633 (Kootenai Cnty. Magis. Ct. July 3, 2023); *Idaho v. Jensen*, CR28-23-11634 (Kootenai Cnty. Magis. Ct. July 3, 2023).[2] On August 14, 2023, Jensen filed a suit against Officer Tulleners in Kootenai County District Court (Dkt. 2-1 at 4); *Jensen v. Tulleners*, CV28-23-5074 (Kootenai Cnty. Dist. Ct. Aug. 14, 2023). On August 24, Defendant Judge Barry McHugh issued an order of dismissal because Jensen was previously designated a "Vexatious Litigant"[3] in July 2019, and he did not first obtain leave to file from a First Judicial District judge (Dkt. 2-1 at 4); Order of Dismissal at 1, *Jensen v. Tulleners*, CV28-23-5074 (Kootenai Cnty. Dist. Ct. Aug. 22, 2023).

Jensen, who is pro se, files this action against Officer Tulleners and Judge McHugh (Defendants) under 18 U.S.C. §§ 241 and 242, alleging that Defendants committed criminal conspiracy and deprivations of rights under color of law (Dkt. 2-1 at 5). Jensen claims that Tulleners deprived him of his "right to travel freely without restrictions," and that Judge McHugh

---

[2]   Under Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Idaho state court documents in *Idaho v. Jensen*, CR28-23-11633, and *Idaho v. Jenson*, CR28-23-11634, which the Court references in this decision. The documents were located on the State of Idaho's online database, iCourt Portal. *See* Fed. R. Evid. 201(b) (providing for judicial notice of facts not subject to reasonable dispute).

[3]   Under Idaho Court Administrative Rule 59(d), an administrative district judge may declare a person to be a vexatious litigant if that person, "while acting pro se, repeatedly files unmeritorious motions . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." I.C.A.R. 59(d)(3). *Elsaesser v. Smith*, 571 P.3d 425, 427 (Idaho 2025).

**INITIAL REVIEW ORDER - 2**

supported and acted in concert with Officer Tulleners by dismissing Jensen's civil suit (Dkt. 2-1 at 5). Jensen further asserts that the criminal citations are void because he, as a natural person, has not "consented to be governed by the State of Idaho illusional entity of the government" (*id.* at 4). Jensen seeks a default judgment order and demands Defendants be sentenced and imprisoned (*id.* at 6).

## II.  APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. *Id.* § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." *Id.* § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. *Id.* The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation modified).

The Court has reviewed Jensen's in forma pauperis application, which reports that Jensen receives a total of $2,100 in average monthly income (Dkt. 1 at 1-2). Jensen reports average monthly expenses of $1,375 (*id.* at 4). Jensen also reports having no assets (*id.* at 3). Therefore, in an average month, Jensen has roughly $725 in income after he pays his monthly expenses. These factors indicate Jensen can pay the Court's filing fee while still supporting his basic living

expenses. Because Jensen has not provided information to demonstrate his poverty, the Court denies Plaintiff's application to proceed in forma pauperis without prejudice. The Court grants Jensen leave to resubmit a complete application within thirty days of issuance of this order or to pay the full filing fee. Any amended application should contain credible or plausible information regarding Jensen's income, expenses, assets, and other factors bearing upon his ability to pay the filing fee.

Although Jensen filed an in forma pauperis application (Dkt. 1), he later filed a verified notice and demand stating that he did not request the in forma pauperis filing status[4] (Dkt. 4 at 1). Jensen claims that Article I, Section 18 of the Idaho Constitution prohibits filing fees for common law actions. That section provides that "Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay, or prejudice." Idaho Const. art. I, § 18. Provision for a filing fee in Federal Court is made by statute and court rule. *See* 28 U.S.C. § 1914(a), (c). The Court may, upon submission of an in forma pauperis application, waive the filing fee upon a finding of indigency and inability to pay the fee. *Id.* § 1915(a)(1). Such a provision does not run afoul of the Idaho State Constitution because "[t]he constitutional prohibition against 'sale' of justice is not implicated by the collection of a reasonable fee from a person who is able to pay." *State v. Harrold*, 750 P.2d 959, 966 (Idaho Ct. App. 1988); *see also Pigg v. Brockman*, 314 P.2d

---

[4] Jenson stated in his IFP application that "there are no provisions for a filing fee" in a "court of record that proceeds according to common law" (Dkt. 1 at 5). Following the Court's order of conditional filing, Jenson filed a response, stating that he "hereby refuse[s] [the Court's] offer[s] to contract" (Dkt. 5 at 1).

609, 614 (Idaho 1957) (holding statute requiring plaintiff to pay costs in an adverse judgment in an action against a police officer constitutional because the "limitation upon the rights of plaintiffs having causes of action against police officers is reasonable"). Therefore, to proceed, Jensen must either pay the filing fee or qualify for in forma pauperis status. § 1915(a)(1).

### III.   SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it is (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B)(i)-(iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to establish a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678 (citation modified). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (citation modified).

During this review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and

**INITIAL REVIEW ORDER - 5**

alleging facts sufficient to support review of each claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The in forma pauperis statute gives screening judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "Examples of the latter class are claims describing fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328; *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (a case is frivolous if it is "of little weight or importance: having no basis in law or fact"). Even a complaint that is not obviously delusional, but does not state enough facts to state a claim to relief that is plausible on its face, is deficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

IV.    ANALYSIS

Jensen brings his claims against Defendants under 18 U.S.C. §§ 241 (criminal conspiracy) and 242 (deprivation of rights under color of law) (Dkt. 2-1 at 5). Generally, a private citizen has no authority to initiate a federal criminal prosecution. *Van Hook v. Idaho*, No. 21-cv-00199-BLW, 2022 WL 344439, at *6 (D. Idaho Feb. 4, 2022). Only the United States as prosecutor can bring a complaint under §§ 241 and 242 (the criminal analogue of 42 U.S.C. § 1983). *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of claims under 18 U.S.C. §§ 241 and 242 because they are "criminal statutes that do not give rise to civil liability").

Section 1983, on the other hand, provides a civil remedy against any person who, under color of law, deprives another of rights protected by the Constitution. *Mitchum v. Foster*, 407 U.S. 225, 242 (1972). Because pro se complaints must be liberally construed, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the Court construes Jensen's complaint as attempting to plead a § 1983 claim.

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, the only "rights" Jensen claims were violated are the "right to freedom of locomotion" (Dkt. 2-1 at 4), the "right to travel" (*id.* at 5), and "his basic unalienable rights" (*id.* at 1). Jensen's complaint makes only bare and conclusory allegations regarding the Defendants' collective conspiracy activity and fails to identify each Defendant's specific misconduct.

The crux of Jensen's complaint is that he is a sovereign citizen bound only by common law, and that Judge McHugh acted outside of his judicial capacity by dismissing Jensen's suit (Dkt. 2-1 at 4). Jensen asserts that the dismissal "deprived [him] of his basic unalienable rights" because there is "no contractual relationship whereby [he] could be bound to the actions of [a] court of equity" (Dkt. 2-1 at 5). Jensen contends that Judge McHugh, as "an employee of the people of the State of Idaho," lacked lawful authority to dismiss his case because Jensen is "one of the people of the State of Idaho" (*id.* at 4).

Instead of asserting specific plausible allegations for the Court to consider in determining whether any state actor violated Jensen's constitutional rights, Jensen relies on a legal theory that would require the Court to assume that his rights were violated simply because (1) he has declared

**INITIAL REVIEW ORDER - 7**

himself to be a "natural person," and (2) he was arrested and prosecuted by "artificial" state officials acting on behalf of a state "corporation of government." (Dkt. 2-1 at 3). These misguided theories are just one iteration of the sovereign citizen ideology—an ideology that the Ninth Circuit has deemed frivolous and "entirely without merit." *United States v. Marks*, 530 F.3d 799, 811 (9th Cir. 2008).

The Court therefore finds that Jensen's claims regarding his status as a state citizen, his lack of a contract with state governments, and his assertion that his basic unalienable rights have been violated are legally frivolous and without merit. *See also United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (holding that "advancement of such utterly meritless [sovereign citizen] arguments is now the basis for serious sanctions imposed on civil litigants who raise them"); *Conerly v. Paran LLP*, No. 19-cv-00043-DCN, 2019 WL 3848781, at *2 (D. Idaho Aug. 14, 2019) (rejecting "sovereign citizen" theories as invalid legal arguments).

Jensen also argues the underlying citations violated his right to travel (Dkt. 2-1 at 5). The Supreme Court has made it clear that states can condition the privilege to drive on public roads on compliance with licensing and registration requirements. *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915); *Reitz v. Mealey*, 314 U.S. 33, 36 (1941), *overruled in part on other grounds by Perez v. Campbell*, 402 U.S. 637 (1971). Indeed, Jensen has identified no constitutional right that would allow him to operate a motor vehicle in Idaho without a valid license plate or proof of insurance. He likewise has not shown that any part of his underlying action states a plausible claim for relief. Thus, to the extent that Jensen's claims are grounded in a violation of the constitutional right to travel or his belief that he does not need a license or registration to drive on public roads, they fail as a matter of law.

Because Jensen's complaint is wholly premised on an indisputably meritless legal theory, the Court dismisses the complaint as frivolous pursuant to § 1915(e)(2)(B)(i). Accordingly, the motion to proceed in forma pauperis is denied, and the case is dismissed without prejudice. Should Jensen desire to file an amended complaint based on a valid legal theory, he may do so within thirty days after entry of this Order.

## V.   ORDER

**IT IS ORDERED that:**

1. Jensen's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **DENIED**. Jensen may file an updated in forma pauperis application that includes credible or plausible information regarding his income, expenses, and other factors bearing upon his ability to pay the filing fee, or he may pay the full filing fee. Any future in forma pauperis application must be filed within **thirty days** of the issuance of this Order. Failure to submit an updated application or pay the full filing fee within thirty days of this Order will result in dismissal of this case without prejudice and without further notice.

2. Jensen's Complaint (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE** as against **ALL DEFENDANTS**. The Court grants Jensen leave to file an Amended Complaint that states a valid legal theory. Jensen must file his Amended Complaint within **thirty days** of the issuance of this Order. Failure to submit an Amended Complaint within the ordered timeframe will result in full dismissal of this case with prejudice and without further notice.

3. Jensen's Verified Notice and Demand (Dkt. 4) is **DENIED AS MOOT**.

DATED: October 14, 2025

Amanda K. Brailsford
U.S. District Court Judge